UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UKIAH ATKINS,

                         Petitioner,

     -vs-

SUPERINTENDENT PAUL CHAPPIUS,

                         Respondent.

**No. 1:13-CV-00956 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Ukiah Atkins ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered on September 22, 2003, in Monroe County Court (Geraci, J.), following a jury verdict convicting him of murder in the second degree (N.Y. Penal Law §§ 125.25(1)). Petitioner was sentenced to a prison term of 25 years to life.

## II. Factual Background and Procedural History

Petitioner's conviction arose from a March 18, 2003 incident in which petitioner shot and killed his victim, Bernea Porter. After a jury trial, a jury convicted petitioner of one count of intentional second-degree murder. On September 22, 2003, the court sentenced petitioner to an indeterminate term of 25 years to life.

Petitioner filed a counseled direct appeal to the New York State Supreme Court, Appellate Division, Fourth Department. The Fourth Department unanimously affirmed the conviction, and the New York State Court of Appeals denied leave to appeal. See People

v. Atkins, 39 A.D.3d 1230 (4th Dep't 2007), lv. denied, 9 N.Y.3d 872. The Fourth Department specifically rejected petitioner's arguments that the verdict was against the weight of the evidence, that petitioner was denied effective assistance of counsel, and that the trial court gave an improper moral certainty charge. Id. at 1231.

On October 30, 2008, petitioner filed a *pro se* motion to vacate the judgment pursuant to New York Criminal Procedure Law ("CPL") § 440.10, arguing that trial counsel was ineffective for failing to properly investigate an alibi defense. On April 22, 2009, the trial court denied petitioner's motion, finding that any alibi defense was questionable and defense counsel proceeded according to a "preconceived strategy." Doc. 5-2 at 255. The Fourth Department granted petitioner permission to appeal, and on June 7, 2013, it affirmed the trial court's denial of the CPL § 440.10 motion. See People v. Atkins, 107 A.D.3d 1465, 1465 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1040.

This habeas petition followed, in which petitioner contends that (1) the trial court erred in refusing a jury instruction on circumstantial evidence; and (2) trial counsel was ineffective for conceding that the prosecutor was entitled to present evidence of uncharged crimes and for failure to properly pursue an alibi defense. Respondent contends that the petition is untimely. For the

reasons discussed below, the Court agrees, and therefore will not address the merits.

**III. Timeliness**

AEDPA requires that a federal habeas corpus petition be filed within one year of the date on which the petitioner's state court conviction becomes final. 28 U.S.C. § 2241(d)(1). A habeas petitioner's conviction generally becomes final for AEDPA purposes upon, "either the completion of certiorari proceedings in the United States Supreme Court, or — if the prisoner elects not to file a petition for certiorari — the time to seek direct review via certiorari has expired." Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). In this case, the Court of Appeals denied leave to appeal on August 13, 2007. See Atkins, 9 N.Y.3d at 872. Petitioner's state court conviction became final 90 days later on November 12, 2007, when petitioner's time to seek a writ of certiorari to the Supreme Court expired.

The statute of limitations was tolled pending petitioner's CPL § 440.10 motion, which was filed on October 30, 2008, 353 days after petitioner's conviction became final, and concluded on August 28, 2013, when the New York State Court of Appeals denied leave to appeal. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 217, 219-221 (2002). After leave was denied, petitioner had 12 days, until September 9, 2013, in which to file the instant petition. The petition was not filed until September 24, 2013, 27

days later. However, the petition is dated September 11, 2013, and the Court will assume that petitioner gave the petition to prison officials on that date. See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (applying mailbox rule to petitions for habeas relief). Thus, the petition is untimely because it was filed two days after the expiration of the statute of limitations. See Saunders v. Senkowski, 587 F.3d 543, 549 (2d Cir. 2009) (finding petition untimely where it was filed four days following the expiration of the statute of limitations).

To qualify for equitable tolling of the limitations period, petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)). The petition attaches a letter from the Court of Appeals to petitioner's appellate counsel, dated August 28, 2013, enclosing the order denying leave which was dated that same day. Petitioner attaches another letter, from counsel to him, dated September 6, 2013, enclosing the Court of Appeals order. Although petitioner does not explicitly argue that counsel's delay in forwarding the Court of Appeals order constitutes an extraordinary circumstance warranting equitable tolling, the Court interprets the attachment of these two letters as such.

"[S]tatutory tolling for the purposes of AEDPA ends with the 'filing' of the state court's final order, [not when a petitioner] receive[s] notice of the state court's order." Saunders, 587 F.3d at 549; see also Sumpter v. Sears, 2011 WL 31188, *5 (E.D.N.Y. Jan. 5, 2011) ("[E]ven if his appellate counsel had failed to notify [petitioner] that the New York Court of Appeals had denied leave to hear his appeal, that error would not support equitable tolling") (citing McCowen v. Conway, 2008 WL 123940, *4 (E.D.N.Y. Jan. 10, 2008) ("[T]he record petitioner has adduced fails even to establish that attorney or official negligence was responsible for the lapse in receipt of notice, much less that the delay was caused by the type of serious misfeasance that has been held to establish this element[.]")). Moreover, delays in the ordinary course of the mail do not constitute an "extraordinary circumstance" for purposes of AEDPA tolling. Saunders, 587 F.3d at 550.

Finally, plaintiff waited until 12 days prior to the expiration of the statute to file his motion for collateral relief, indicating that he did not employ due diligence in pursuing his claims. See, e.g., Saunders v. Senkowski, 2007 WL 1017310, *6 (N.D.N.Y. Mar. 30, 2007), aff'd, 587 F.3d 543 (2d Cir. 2009), aff'd on other grounds, 587 F.3d 543 ("Petitioner . . . failed to offer any excuse or reason for waiting until the 'eleventh hour' to seek state court collateral review.") (citing Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)). Consequently, the Court finds that

5

petitioner has established neither the due diligence nor the extraordinary circumstances necessary to qualify for equitable tolling. The petition is therefore dismissed as untimely.

**IV. Conclusion**

For the foregoing reasons, the petition (Doc. 1) is dismissed as untimely. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   April 26, 2017
         Rochester, New York.